UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT PIKEVILLE

CIVIL ACTION NO. 04-342-DLB

RONALD FRALEY                                                                                         PLAINTIFF

vs.                             **MEMORANDUM OPINION & ORDER**

JO ANNE B. BARNHART, Commissioner
SOCIAL SECURITY ADMINISTRATION                                          DEFENDANT

******************

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

**I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Ronald Fraley filed an application for disability insurance benefits (DIB) on September 12, 2002. His application was denied initially and upon reconsideration. Plaintiff requested a hearing before an administrative law judge (ALJ), which was held on September 19, 2003. The ALJ issued an unfavorable decision on December 22, 2003, finding that Plaintiff is not disabled within the meaning of the Social Security Act. The Appeals Council denied Plaintiff's request for review by letter dated September 22, 2004. Therefore, the ALJ's decision represents the final decision of the Commissioner on Plaintiff's case.

1

Plaintiff, who was 51 years old at the time of the hearing, has a high school education and alleges an inability to work beginning on August 15, 2001 due to back, leg, and hip pain; a clogged artery on the right side of his brain; nervousness; and anxiety. At the hearing before the ALJ, Plaintiff testified that he experiences seizures three to five times per week; these seizures are characterized by hot and cold spells, a distinct taste in his mouth, loss of vision, and heart palpitations; and he often has to lie down after they occur. Plaintiff also complained of back pain, which radiates into his legs; vision problems; shortness of breath; chest pain; and lack of grip strength in his hands. He testified that he can walk approximately 400-500 feet; sit for 30-60 minutes; cannot stand very long in one place; and can lift 20 pounds.

Having exhausted his administrative remedies, Plaintiff filed the instant suit on September 29, 2004. The matter has culminated in cross motions for summary judgment, which are now ripe for review.

## II. DISCUSSION

### A. Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.,* 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, we are to

affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently. *See Her v. Comm'r of Social Security,* 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform his past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform. As to the last step, the burden of proof shifts from the claimant to the Commissioner. *See Jones v. Comm'r of Social Security,* 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.,* 14 F.3d 1107, 1110 (6th Cir. 1994).

**B.    The ALJ's Determination**

At Step 1, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. At Steps 2 and 3, the ALJ found that Plaintiff's seizure disorder and degenerative disc disease (DDD) of the lumbar spine constitute severe impairments, but that Plaintiff does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4. At Step 4, the ALJ found that Plaintiff possessed the residual functional capacity (RFC) to perform medium work. Specifically, the ALJ found that Plaintiff can lift/carry 50 pounds occasionally, 25 pounds frequently; but can never climb ladders, ropes, or scaffolds, or be exposed to hazards. Based on that assessment, the ALJ concluded that Plaintiff is unable to perform his past relevant work as a racing facilities manager. At Step 5, however, the

ALJ found that Plaintiff is capable of performing other work that exists in significant numbers in the regional and national economies. This conclusion resulted from testimony by a vocational expert ("VE"), in response to a hypothetical question assuming an individual of Plaintiff's age, education, past relevant work experience, and RFC.

**C.     Analysis**

In this appeal, Plaintiff's sole contention of error is that the ALJ erred by acting as his own medical expert. Specifically, Plaintiff alleges that the ALJ improperly discounted the findings and functional assessment provided by consultative examiner Dr. Timothy Carbary, without subjecting them to peer medical review. In support, Plaintiff notes that Dr. Carbary completed his examination on August 22, 2003, and the hearing was held less than one month later. In response, the Commissioner argues that: 1) an ALJ may, but is not required to, ask for and consider opinions from medical experts on the nature and severity of a claimant's impairment, 2) unlike treating source opinions, the opinions of consultative examiners do not enjoy deferential status, and 3) the ALJ provided clear and specific reasons for discrediting Dr. Carbary's opinion. For the reasons that follow, the Court concludes that Plaintiff failed to present any evidence supporting the existence of a severe mental impairment. The ALJ's decision is supported by substantial evidence and is hereby affirmed.

Dr. Timothy Carbary conducted a neuropsychlogical evaluation on Plaintiff at his attorney's office on August 22, 2003.[1] In his summary, Dr. Carbary noted, "Current data reveal lateralized right hemisphere dysfunction affecting memory and spatial skills." (Tr.

---

[1] It is worth noting that the evaluation was conducted after Plaintiff received his notice of hearing.

234). He diagnosed Plaintiff with cognitive disorder, not otherwise specified (related to memory, especially for right hemisphere involvement, as well as visuoconstruction and visuoperceptual abilities). (*Id*.). Dr. Carbary completed a mental RFC form on September 15, 2003 in which he opined that Plaintiff has a "fair" ability to deal with work stresses, and understand, remember, and carry out detailed, but not complex job instructions. (Tr. 239-41). He has a "poor" ability to function independently, maintain attention/concentration, and understand, remember, and carry out complex job instructions. (*Id*.). The ALJ rejected Dr. Carbary's findings and the associated assessment of function, and concluded that there was no evidence of a severe mental disorder. (Tr. 18). Plaintiff claims that this was error.

At Step 2 of the sequential evaluation, the ALJ made two distinct findings regarding any alleged mental impairments. First, he concluded, "There is no evidence to indicate the claimant has either sought or received treatment for depression or anxiety." (Tr. 18). This finding is consistent with the overall medical record (or lack thereof), as well as Plaintiff's own statements. In particular, the Court notes that Plaintiff filled out a "Pain Questionnaire" as part of the administrative process. A supplemental questionnaire was also provided to Plaintiff based on his representation that he suffered from nervousness and anxiety.[2] On that supplemental questionnaire, Plaintiff indicated that he had not: 1) received treatment from a psychiatrist or any type of mental health facility; 2) been hospitalized or received emergency room treatment for anxiety, depression, nervousness, or any similar condition; or 3) taken (and was not currently taking) any medication for anxiety, depression,

---

[2]The Court notes that on the Disability Report, prepared on September 10, 2002, Plaintiff indicated that the following conditions limited his ability to work: back pain, both legs, both hips, and clogged artery on the right side of my brain, nervousness, anxiety. The last two conditions were handwritten, while the others were typed. (Tr. 110).

nervousness, or any similar condition. (Tr. 133). Therefore, the Court concludes that the ALJ properly concluded that Plaintiff's alleged depression and/or anxiety did not constitute severe impairments.

The ALJ also concluded that Plaintiff's cognitive disorder, diagnosed by Dr. Carbary, did not constitute a severe impairment. The ALJ based his conclusion on the fact that: 1) Dr. Carbary's findings were based, in part, on Plaintiff's reference to an MRI finding that was not in the record;[3] and 2) Plaintiff did not complain of memory or cognitive deficits during the hearing. (Tr. 18). A review of the medical record reveals that Plaintiff's MRI results were indeed normal. Plaintiff underwent an MRI of his brain on July 2, 2002, and again on January 31, 2003. The results of both tests were unremarkable, except to demonstrate a "chronically occluded right ICA," which the ALJ considered in assessing Plaintiff's seizure disorder. (Tr. 222-23). More importantly, the ALJ correctly noted that Plaintiff's own claims did not indicate that his cognitive/memory disorder constituted a severe impairment. Therefore, neither the medical evidence nor Plaintiff's own complaints established the existence of a severe mental impairment. The Court concludes that in light of these facts, the ALJ's discussion was complete. *See Cranfield v. Comm'r of Social Security*, No. 02-5685, 2003 WL 22506409, at *857 (6th Cir. Nov. 3, 2003).

### III. CONCLUSION

Accordingly, for the reasons stated,

**IT IS ORDERED** that the decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED.**

---

[3] The ALJ referred to this finding as "abnormal." (Tr. 18).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. #8) is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc. #10) is hereby **GRANTED.**

A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

Dated this 20th day of July, 2005.

Signed By:
*David L. Bunning* DB
United States District Judge

G:\DATA\SocialSecurity\MOOs\7-04-342-FraleyMOO.wpd